

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-1995

# United States of America v. Neadle

Precedential or Non-Precedential:

Docket 94-7417

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

## Recommended Citation

"United States of America v. Neadle" (1995). *1995 Decisions.* Paper 313.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/313

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 94-7417


UNITED STATES OF AMERICA

v.

LAWRENCE NEADLE, JR.,

                    Appellant.


_____


On Appeal from the District Court of the Virgin Islands,
Division of St. Croix
(D.C. Criminal Action No. 92-cr-00113-2)



Argued April 17, 1995

Before:  BECKER, NYGAARD and ROTH,
Circuit Judges


O R D E R


     IT IS ORDERED that the slip opinion in the above case, filed on
December 19, 1995, be amended as follows (all page references are to the
slip opinion):
     On page 6, line 2, after the word "version", insert the following:
"which the parties had accepted as being" . . .

     On page 6, change footnote 2 to read as follows:

     In fact, since the date of the mail fraud offense was January 5,
1988, the date of the mailing, see United States v. Seligsohn, 981 F.2d
1418, 1425 (3d Cir. 1992), the 1987 edition of the Sentencing Guidelines
was in effect at the date of the offense.  The parties have accepted the
1988 edition as applicable, and Neadle has not raised any ex post facto
issue.  Because we are confident that the result is the same under
either the

1988 or 1987 version, and because the 1988 guidelines contain several
useful clarifying amendments, we refer to that version in this opinion.

     The district court would properly apply the version of the
Guidelines in effect at the date of the offense because, at that time of

sentencing, § 2F1.1 of the Guidelines had been amended by adding four new offense level increases for losses exceeding 10, 20, 40 and 80 million dollars.  This amendment would call for a 16 level increase over the base offense level for the loss as calculated here, rather than the 11 level increase which had been in effect until November, 1989.  See, e.g., United States v. Corrado, 53 F.3d 620, 622-23 (3d Cir. 1995) (if application of guidelines in effect at sentencing results in more severe penalty than that in effect at time of offense, earlier version controls; applying a guideline amendment that enhances the penalty offends the ex post facto clause of the United States Constitution).


                        By the Court,


                        /s/ Jane R. Roth

                        Circuit Judge

Dated: January 29, 1996


Footnotes

 UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 94-7417


UNITED STATES OF AMERICA

v.

LAWRENCE NEADLE, JR.,

                        Appellant.

_____

On Appeal from the District Court of the Virgin Islands,
Division of St. Croix
(D.C. Criminal Action No. 92-cr-00113-2)



Argued April 17, 1995

Before:  BECKER, NYGAARD and ROTH,
Circuit Judges

O R D E R


      IT IS ORDERED that the slip opinion in the above case, filed on
December 19, 1995, be amended as follows (all page references are to the
slip opinion):
      On page 6, line 2, after the word "version", insert the following:
"which the parties had accepted as being" . . .

      On page 6, change footnote 2 to read as follows:

      In fact, since the date of the mail fraud offense was January 5,
1988, the date of the mailing, see United States v. Seligsohn, 981 F.2d
1418, 1425 (3d Cir. 1992), the 1987 edition of the Sentencing Guidelines
was in effect at the date of the offense.  The parties have accepted the
1988 edition as applicable, and Neadle has not raised any ex post facto
issue.  Because we are confident that the result is the same under
either the

1988 or 1987 version, and because the 1988 guidelines contain several
useful clarifying amendments, we refer to that version in this opinion.

      The district court would properly apply the version of the
Guidelines in effect at the date of the offense because, at that time of
sentencing, § 2F1.1 of the Guidelines had been amended by adding four
new offense level increases for losses exceeding 10, 20, 40 and 80
million dollars.  This amendment would call for a 16 level increase over
the base offense level for the loss as calculated here, rather than the
11 level increase which had been in effect until November, 1989.  See,
e.g., United States v. Corrado, 53 F.3d 620, 622–23 (3d Cir. 1995) (if
application of guidelines in effect at sentencing results in more severe
penalty than that in effect at time of offense, earlier version
controls; applying a guideline amendment that enhances the penalty
offends the ex post facto clause of the United States Constitution).



                        By the Court,


                        /s/ Jane R. Roth

                        Circuit Judge

Dated: January 29, 1996


Footnotes